RICHARDSON (OAKES v.). See Case No. 10,390.

## Case No. 11,793.
### RICHARDSON v. PACIFIC MAIL STEAMSHIP CO.
[5 Sawy. 252.][1]

District Court, D. California. Sept. 6, 1878.

SHIPPING — LIABILITY TO SEAMAN FOR FALSE ARREST—LOSS OF CLOTHING.

Where a seaman was arrested and imprisoned by the local authorities of Panama, on a charge of robbery committed in that port, but not on the complaint, or at the instigation, of the master, *held*, that the ship-owner was not liable, although the accused may have been innocent. Nor is the ship-owner liable for the loss of his clothing and effects left on board the vessel, unless negligence on the part of his servants be shown.

In admiralty.

Jas. L. Crittenden, for libellants.
Lake & McKoon, for respondent.

HOFFMAN, District Judge. I am unable to discover any ground on which the steamship company can be held responsible for the mistake (if it was such) made by the authorities at Panama, in arresting the libellants for complicity in a robbery committed within their jurisdiction. The arrest was not made on the complaint of the master or any other servant of the company, nor at their instigation. It appears to have been the spontaneous act of the local authorities, on information obtained by them, without the knowledge or intervention of any agent of the respondent. The libellants were tried and acquitted after a detention in prison of several months. If they were in fact innocent, of which some doubt may be entertained, they have suffered a great hardship; but the company is not responsible for its consequences. The case bears no anology to that of a tortious discharge or willful abandonment of a mariner in a foreign country.

The libellant Frank D. Richardson also claims to have lost a large quantity of wearing apparel, etc., which was left on board the vessel. As to the quantity and value of these articles, the only testimony is that of Richardson himself.

The master testifies that the greater part of the clothing left on board by the libellants was taken to them by their direction by the steward. He is unable, however, to specify the amount. The remainder was sent on shore when the vessel sailed, to be stored by the company's port captain. The latter testifies that he delivered to Richardson all of his effects which had been received by him to be stored. It is not claimed that the effects of the libellant were at any time in the personal custody or possession of the master.

If the steamship company is to be held liable for their loss, it can only be on proof that the loss was caused by the negligence of its servants; that is, that they have failed to exercise ordinary diligence with regard to them; and the burden of proof to show this is on the libellant. I cannot say that the testimony convicts the master of negligence.

When Richardson was arrested he seems to have left his clothing and effects in his stateroom. It would have been easy for him to have requested the purser or captain to take charge of his trunk; or, if he had desired, he would, no doubt, have been permitted to take it with him. If the circumstances of his arrest led him to omit this precaution at the moment, he could, on the succeeding day or after the result of his examination was known, have given directions which would have insured the safety of his property. He appears to have had no difficulty in communicating with the ship, for we find the steward, by his directions, carrying to him in jail a quantity of clothing; but what articles, we are not informed. The steward must, therefore, have had access to the trunk, either because it was left unlocked, or because Richardson gave him the key. If the steward has possessed himself of some of the contents, the steamship company should not be held responsible for his unfaithful execution of the commission entrusted to him by Richardson. If the latter had addressed a note to the master, or to the United States consul, there can be little doubt that his property would have been taken care of. He leaves it, however, in no one's charge; neglects to give any directions with regard to it; allows his own agents to have access to it; and now claims, in effect, that the steamship company was virtually an insurer of its safety.

It may be added, that the quantity and value of the clothing, as sworn to by Richardson, seem to be somewhat large for a person of his condition. There is no evidence whatever on the subject except his own; and I am compelled by the circumstances developed by the testimony, and even by his own admissions, to receive his statements with some distrust.

Libel dismissed.